Nicholas Wajda (SBN 11480)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Direct Dial: (818) 907-2030
Fax: (818) 205-3730
wadja@pricelawgroup.com

Attorneys for Plaintiff,
LORI A. STANLEY

| FILED | RECEIVED |
| ENTERED | SERVED ON |
| | COUNSEL/PARTIES OF RECORD |

AUG - 8 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF NEVADA

3:11-CV-00576

LORI A. STANLEY;

    Plaintiff,

vs.

AARGON AGENCY, INC.; and DOES 1 to 10, inclusive,

    Defendants.

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

(Unlawful Debt Collection Practices)

**Demand Does Not Exceed $10,000**

## COMPLAINT

## INTRODUCTION

1.    Plaintiff LORI A. STANLEY brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant AARGON AGENCY INC. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

Paid Amt $350.00  Date 8/8/2011
NVRNO Receipt # 587  Initials DW

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by Plaintiff within this District;

    b. Defendant does or transacts business within this District.

## PARTIES

4. Plaintiff Lori A. Stanley is an adult individual who resides in Reno, Nevada and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant Aargon Agency Inc. is a business entity with offices in Las Vegas, Nevada.

6. At all relevant times herein, Defendant Aargon Agency Inc. is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiffs which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C.§ 1692a(6).

## FACTS

7. Defendant is attempting to collect from Plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

8. Within the last year, Defendant constantly and continuously called Plaintiff from (800) 852-0411 with the intent to annoy and harass her into paying an alleged debt.

9. Defendant repeatedly called Plaintiff after Plaintiff advised Defendant that Plaintiff is represented by Steven Alpert of Price Law Group, APC and to cease and desist from placing further collection calls to Plaintiff.

10. Defendant failed to identify itself as a debt collector in subsequent communications. (Plaintiff will produce voicemails upon request).

11. Defendant engaged in false and deceptive means in attempting to collect a debt by failing to identify itself as a debt collector in subsequent communications.

## COUNT I – FDCPA

12. Plaintiff incorporates paragraphs 1 - 11.

13. Defendant thereby violated the following provisions of the FDCPA:

   i)   15 U.S.C. §1692c(a)(2);

   ii)  15 U.S.C. §1692c(a)(3);

   iii) 15 U.S.C. §1692d(5);

   iv)  15 U.S.C. §1692e(2)(a);

   v)   15 U.S.C. §1692e(10);

   vi)  15 U.S.C. §1692e(11).

   vii) 15 U.S.C. §1692f(1);

14. Section 1692(c)(a)(2) and (c)(a)(3), provide in pertinent part that:

**(a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**

...

**(2) if the debt collector knows the consumer is represented by an**

attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or

...

(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

15. Section 1692d(5) states in pertinent part that:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

...

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

16. Sections 1692e(2)(a), e(10), and e(11) state in pertinent part that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

...

(2) The false representation of—
(A) the character, amount, or legal status of any debt; or"

...

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

...

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information

obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

17.   FDCPA Section 1692f(1) states in relevant part that:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
...
(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and against Defendant for:

(1) Statutory and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED,

DATED:  August 5, 2011

PRICE LAW GROUP APC

By:_____
Nicholas Wajda
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LORI A. STANLEY, demands trial by jury in this action.